IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ISRAEL GUTIERREZ, #246141,     ) | |
|                                           ) | |
|     Petitioner,                 ) | |
|                                           ) | |
| v.                                         ) | CASE NO. 2:09-CV-429-WHA |
|                                           ) |         [WO] |
|                                           ) | |
| TOMMY BUFORD, *et al.*,        ) | |
|                                           ) | |
|     Respondents.             ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Israel Gutierrez ["Gutierrez"], a state inmate, on April 30, 2009. In this petition, as amended, Gutierrez challenges a conviction for trafficking in marijuana entered against him by the Circuit Court of Montgomery County, Alabama on January 11, 2006. On February 17, 2006, the trial court sentenced Gutierrez to twenty (20) years imprisonment for this conviction.

Pursuant to the orders of this court, the respondents filed a supplemental answer addressing claims presented in a recent amendment to the petition in which they assert Gutierrez has failed to exhaust state remedies with respect to each of the claims presented in the instant habeas petition. Resp'ts' Supplemental Answer (Doc. No. 27) at 3-4. Specifically, the respondents maintain Gutierrez may proceed on his substantive claim of mental incompetency in a Rule 32 petition filed with the Circuit Court of Montgomery

County, Alabama.  *Id*. at 4.  This assertion is supported by both federal and state law. *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied*, 517 U.S. 1247 (1996) (Although petitioner did not raise, on direct appeal or in his initial Rule 32 petition, "his substantive competency claim that he was tried while incompetent . . . [such claim] is not subject to procedural default [or time limitations] and must be considered on the merits."); *Glass v. State*, 912 So. 2d 285, 288 (Ala. Crim. App. 2004) ("To the extent [petitioner] raises a substantive due process claim – that he was convicted while mentally incompetent to stand trial – the petition is not subject to procedural bars.").

Upon review of the exhaustion defense, the court entered orders affording Gutierrez an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies.  Nov. 9, 2011 Order (Doc. No. 28); Dec. 19, 2011 Order (Doc. No. 35).  In documents filed addressing the exhaustion defense, Gutierrez concedes the availability of an available state court remedy regarding his claim of mental incompetence and acknowledges his failure to exhaust this available state court remedy with respect to such claim.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State . . . ." 28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the

remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Gutierrez has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. Specifically, Gutierrez may present his substantive claim of mental incompetency to the Circuit Court of Montgomery County in a Rule 32 petition. This court does not deem it appropriate to rule on the merits of Gutierrez's claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Gutierrez can pursue those state court remedies available to him.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied; and
2. The petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before January 26, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE